IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE HENDERSON,

        Plaintiff,                  No. CIV S-09-2779 DAD P

     vs.

K. PURCELL, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court are two brief discovery motions brought by plaintiff.

        In his first motion, styled "motion to compel," plaintiff merely states "Plaintiff motions the defendants to compel discovery to the instant case" and then refers to attached exhibits. However, plaintiff failed to attach any exhibits to his motion. In his second motion, styled "motion for discovery and interrogatories," plaintiff seeks various documents from the defendants, including "all medical documents relating to this case and incident" and all Solano County Jail and Sheriff's Department policy and procedures related to health-care intake.

        The court will deny both of plaintiff's motions. As to plaintiff's motion to compel, this court does not hold litigants proceeding pro se to the same standards that it holds

attorneys. However, at a minimum, as the moving party plaintiff has the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified."). Here, plaintiff has failed to carry his burden as the moving party and has not demonstrated that he is entitled to any relief.

As to plaintiff's motion for discovery and interrogatories, it appears that plaintiff was addressing this motion to defendants. However, any discovery requests plaintiff intended to serve on defendants were untimely at the time they were presented. In this regard, under the court's discovery and scheduling order, the parties were allowed to conduct discovery until November 19, 2010. Plaintiff needed to serve all requests for discovery pursuant to Rules 31, 33, 34, or 36 at least sixty days prior to that date. However, the court did not receive plaintiff's undated motion until December 6, 2010. Moreover, under the court's discovery and scheduling order, the parties were required to serve discovery requests on all parties to this action and not file them with the court. Finally, insofar as plaintiff intended his motion for discovery and interrogatories as a motion to compel, again, plaintiff has failed to carry his burden as the moving party and has not demonstrated that he is entitled to any relief.

/////
/////
/////

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's discovery motions (Doc.
2  Nos. 29 & 30) are denied.
3  DATED: March 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:9
   hend2779.disc